IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM SPEARMAN, et al., ) | |
| ) | |
| Plaintiffs; ) | |
| ) | |
| vs. ) | 7:11-cv-3960-LSC |
| ) | |
| WYNDHAM VACATION ) | |
| RESORTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

## I.   Introduction

Before the Court is Defendants' "Motion to Dismiss, Transfer Venue or, in the Alternative, Motion for Summary Judgment" filed on January 24, 2012. (Doc. 8.) For the reasons described below, the Motion to Dismiss is due to be GRANTED in part and DENIED in part, the Motion to Transfer Venue is due to be DENIED, and the alternative Motion for Summary Judgment is due to be DENIED with leave to refile at the close of discovery.

## II.   Factual Background and Procedural History

Defendant Wyndham Vacation Resorts, Inc. ("WVR") is a wholly-owned subsidiary of Wyndham Vacation Ownership ("WVO"; collectively "Wyndham"),

one of the world's largest timeshare companies. Wyndham develops, markets, and sells vacation ownership interests, and provides consumer financing to owners. Ownership interests are reflected by an allocation of "points" proportionate to each owner's interest. These points can then be used to make reservations at various resorts.

Plaintiffs are among Wyndham's top point holders, and belong to the highest level of a three-tiered VIP Program. They claim to have been enticed to the highest levels of ownership by Wyndham's repeated promises about the benefits that would come with additional points. Plaintiffs complain that Wyndham has altered or eliminated many of these expected benefits, including the promise of unlimited guest certificates and the ability to sell or transfer points to other owners. Additionally, Plaintiffs allege that the merger of Wyndham's point program with Resort Condominiums International, LLC ("RCI"), has diluted the value of Wyndham ownership and has made it difficult or impossible to make some reservations. Plaintiffs contend that deceptive sales practices, changes to benefits, and devaluing of ownership are all part of a "systematic scheme" directed at VIP owners like Plaintiffs. (Doc. 1 at 8.)

Plaintiffs filed a complaint in this case on November 18, 2011, against WVO, WVR, and RCI (collectively "Defendants"). (Doc. 1.) The complaint contains

thirteen separate claims for relief: fraud; fraud in the inducement; suppression; breach of contract; wantonness; breach of fiduciary duty; negligence; negligent hiring, training, supervision, and retention; wanton hiring, training, supervision, and retention; unjust enrichment; a claim for an accounting; a claim for injunctive relief; and a claim for civil conspiracy to commit fraud, fraudulent inducement, and suppression. (*Id.*)

The allegations and claims for relief in Plaintiffs' complaint are virtually identical to those stated in complaints filed in three other cases currently pending before this Court: *Sirmon v. Wyndham Vacation Resorts, Inc.*, 7:10-cv-02717-LSC; *Yaeger v. Wyndham Vacation Resorts, Inc.*, 7:11-cv-3958-LSC; and *Brouwer v. Wyndham Vacation Resorts, Inc.*, 7:11-cv-3959-LSC. The initial complaint in *Sirmon* was filed approximately 13 months before this action, and the complaints in *Yaeger* and *Brouwer* were filed simultaneously with the one in this case. Defendants in this action are also the named defendants in each of the other three cases. The only paragraphs that differ among these complaints are the ones identifying the parties on the plaintiff side and the paragraph identifying specific representations made to the individual plaintiffs.

The *Sirmon* case has set the tone and tempo for the three cases that followed. On December 1, 2011, Defendants moved this Court to dismiss all of the claims raised in the *Sirmon* complaint. *Sirmon v. Wyndham Vacation Resorts, Inc.*, No. 10-2717, Docs.

62 & 64. On April 17, 2012, this Court issued an order denying dismissal as to the fraud-based claims (counts 1-3 of the Complaint), granting dismissal as to the claim for injunctive relief (count 12), and deferring its ruling on the remaining counts until the *Sirmon* plaintiffs had an opportunity to file an addendum to their complaint. *Sirmon*, No. 10-2717, Doc. 100. The Court's order on the remaining counts in *Sirmon* is being issued herewith.

On January 24, 2012, while the motions to dismiss were still pending in *Sirmon*, Defendants filed the present Motion to Dismiss, Transfer Venue, or in the alternative, for Summary Judgment. (Doc. 8.) The arguments in the present motion relating to dismissal are virtually identical to the arguments raised in the pending *Sirmon* motion. Thus, the portion of this Opinion addressing Defendants Motion to Dismiss will pattern and reference the opinion being issued in *Sirmon*. However, unlike the motions in *Sirmon*, which only contained arguments relating to dismissal, the motion in this case also includes arguments regarding venue and summary judgment. (Doc. 8.) These issues are addressed in the Court's Opinion below.

### III.  Motion to Dismiss

#### A.  Legal Standard

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be

granted. "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In addition, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).[1] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims

---

[1] In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 664). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682).

  **B.**  **Discussion**

There is a great deal of homogeneity between this case and *Sirmon v. Wyndham Vacation Resorts, Inc.*, No. 10-2717, which is also pending before this Court. Indeed, hundreds of pages of the briefs filed by both parties in this action have been replicated word for word from briefs and other documents previously filed in *Sirmon*. The Court recognizes that going to great lengths to reproduce the same analysis already expressed elsewhere is not in the best interest of judicial economy. Given the similarity between these two actions, the portion of this Opinion relating to Defendants' Motion to Dismiss parallels the equivalent opinion being simultaneously issued in *Sirmon*. *See Sirmon*, No. 10-2717, Doc. 149. This Opinion, however, expresses the ultimate decision without repeating the underlying reasoning.

Therefore, for the same reasons expressed in this Court's Order of April 17, 2012, in *Sirmon*, Defendants' Motion to Dismiss is due to be DENIED as to Plaintiffs' fraud based claims (counts 1-3 of the complaint), and due to be GRANTED as to Plaintiffs' claim for injunctive relief (count 12). *See Sirmon*, No. 10-2717, Doc. 100. Likewise, for the reasons expressed in the *Sirmon* opinion being issued herewith, Defendants' Motion to Dismiss is due to be DENIED as to the remaining counts of Plaintiffs' complaint. *See Sirmon*, No. 10-2717, Doc. 149.

The Court acknowledges the omission of a procedural step in this action which it required in *Sirmon*. In both *Sirmon* and the present action, Defendants' motions to

dismiss argue that the respective complaints utilized impermissible "shotgun" style pleading. In *Sirmon*, this Court remedied this problem by requiring the plaintiffs to file an addendum to their complaint "identifying which specific factual paragraphs [were] being offered in support of which specific claims." *Sirmon*, No. 10-2717, Doc. 100 at 14. It was only after that addendum was filed that this Court concluded Defendants' motions to dismiss were due to be denied. *See Sirmon*, No. 10-2717, Doc. 149. The Court finds no need to repeat this procedural step in the instant action. The only difference between the *Sirmon* complaint and the one in this case are the parties listed in the initial paragraphs. Given this similarity, it will be relatively easy for Defendants to use the addendum to the complaint in *Sirmon* to clarify any questions raised by the blanket incorporations used in the pleadings in this case. *See Sirmon*, No. 10-2717, Doc. 110.

## IV.   Venue

Defendants argue that venue in the Northern District of Alabama is inappropriate because a choice-of-forum clause in the FairShare Vacation Plan Use Management Trust Agreement ("Trust Agreement") mandates a Florida forum. The referenced clause, entitled "**Construction of Trust Agreement**," provides in pertinent part:

> Any action brought to enforce the terms or interpret any provision of this Trust Agreement or any other action in any manner relating to the Trust, the Trustee, the Trust Properties or the Plan shall be brought in the State Courts in Orange County, Florida or the Federal District Courts for the Middle District of Florida.

(Doc. 13-1, § 14.01.)

As an initial matter, for the same reasons stated in the opinion being simultaneously issued in *Sirmon*, *see Sirmon*, No. 10-2717, Doc. 149, the Court does not agree that the FairShare Vacation Plan Use Management Trust (the "Trust") is an indispensable party to this litigation. Indeed, the Court finds no reason why complete relief cannot be accorded among the current parties to the lawsuit without the inclusion of the Trust. The Trust Agreement, therefore, is arguably irrelevant to this dispute. Nonetheless, even if the Trust Agreement is applicable, the forum selection clause is drafted in a manner that excludes the conduct comprising the crux of Plaintiffs' complaint.

The forum selection clause is included within a paragraph captioned "Construction of Trust Agreement" and appears to be directly targeting disputes about the interpretation or enforcement of the Trust Agreement. This dispute, in contrast, is about the allegedly fraudulent and deceptive sales tactics employed by Defendants to entice Plaintiffs into higher levels of ownership. While Plaintiffs' complaint mentions the Trust Agreement, the heart of this dispute relates to

fraudulent oral representations that have nothing to do with the "Construction" of the Trust Agreement.

Defendants assert a broader interpretation of the forum selection clause than the one accepted by this Court. Specifically, Defendants contend that this action falls within the catchall provision of the forum selection clause which reaches "any other action in any manner relating to the Trust." This language, however, does not appear to include claims for fraudulent misrepresentation and suppression, particularly since the heading of the paragraph limits the scope to "Construction of [the] Trust Agreement." If the forum selection clause was intended to have a broader application, that intention should have been clearly stated. Furthermore, Alabama law directs that any ambiguity is to be construed against the drafter. See *Southtrust Bank v. Copeland One, L.L.C.*, 886 So. 2d 38, 43 (Ala. 2003) ("It is a well-established rule of contract construction that any ambiguity in a contract must be construed against the drafter of the contract."). Accordingly, Defendants' request that the Court transfer this action to Florida is due to be denied.

## V. Motion for Summary Judgment

Defendants asked this Court to convert their motion into a Motion for Summary Judgment to the extent any claims challenged in the Motion to Dismiss are otherwise not disposed of by the Court. Plaintiffs responded by attaching to their responsive brief an affidavit filed pursuant to Federal Rule of Civil Procedure 56(d),

arguing that summary judgment is inappropriate without further discovery. (Percy Badham Aff., Doc. 23-24.)

Rule 56(d) of the Federal Rules of Civil Procedure provides a mechanism for relief where a party faced with a summary judgment motion does not have the facts necessary to respond to it. The rule provides:

> **(d) When Facts Are Unavailable to the Nonmovant**
> If a nonmovant shows by affdavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). In the present case, Plaintiffs seek further discovery regarding (1) the creation, purpose and success of Extra Holidays, a division of Wyndham dedicated to helping owners rent their points; (2) the creation, purpose, features and implementation of Voyager, the new reservation system which may play a part in inventory allotment and cancellations, and (3) the inventory allotment criteria and priority. (Doc. 23 at 46.)

Plaintiffs have sufficiently established that, as of the date Defendants' motion was filed, further discovery was needed to develop the issues related to this matter. The Court acknowledges that substantial discovery has occurred since the filing of Defendants' motion, and it fully anticipates that Defendants will soon file an actual motion for summary judgment. Nevertheless, at this time, Defendants' Motion for

Summary Judgment is premature, and thus due to be DENIED with leave to refile at the conclusion of discovery.

## VI.   Conclusion

For the reasons previously stated, the Motion to Dismiss is due to be GRANTED in part and DENIED in part, the Motion to Transfer Venue is due to be DENIED, and the alternative Motion for Summary Judgment is due to be DENIED with leave to refile at the close of discovery. A separate order will be entered consistent with this Opinion.

Done this <u>18th</u> day of <u>September 2012</u>.

/s/ L. Scott Coogler

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[170956]
